UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SALVATORE J. LaSCALA, DOUGLAS A. JANESE
and RICHARD J. MARINO, Individually, as members
of Local 280, and as participants and Trustees or former
Trustees of the Niagara-Genesee & Vicinity Carpenters
Local 280 Welfare and Pension Funds,

                                        Plaintiffs,

            -vs-                                                    93-CV-982-JTC

SANTO S. SCRUFARI, Individually and as Plan Manager
of the Niagara-Genesee & Vicinity Carpenters Local 280
Welfare and Pension Funds,

                                        Defendant.

_____

            By order entered on March 12, 2012, this court granted plaintiffs' application for

attorney's fees under ERISA § 1132(g)(1).  *LaScala, et al. v. Scrufari*, 859 F. Supp. 2d 509

(W.D.N.Y. Mar. 12, 2012).   The court also granted plaintiffs' motion pursuant to Fed. R.

Civ. P. 19(a)(1)(A), joining the Empire State Carpenters Funds (the "Empire Funds"),

successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare and

Pension Funds (the "Niagara Funds") and aligning the Empire Funds as a party defendant

"for the limited purpose of standing in the place and stead of the predecessor Funds as the

insured under Labor Management Trust Fiduciary Liability Policy No. 8127-92-16, and/or

as the beneficiary of the fidelity bond required by ERISA § 1112(a) ...."  *Id.* at 522.   The

court reasoned that, in the absence of any documentation to substantiate the Empire

Funds' assertion that the insurance carrier has disclaimed coverage, the existence of

fiduciary liability insurance and the prospect of a fidelity bond presented "the only real

options" for recovery of both the fee award (totaling $411,871.46) and the judgment against

defendant Scrufari (totaling $966,389.39; *see* Item 294), making joinder "necessary to accord complete relief among the existing parties" under the equitable circumstances presented. *Id.*

As a result, and upon the parties' inability to come to an agreement as to the appropriate language for incorporating these rulings into the final judgment, the court directed the Clerk of the Court to enter judgment as follows:

> IT IS … ORDERED AND ADJUDGED that the Empire State Carpenters Pension Fund as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund, and the Empire State Carpenters Welfare Fund as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare Fund, are deemed the insured under Labor Management Trust Fiduciary Liability Policy No. 8127-92-16 and/or the respective beneficiaries of the fidelity bonds required by ERISA § 1112(a); and,

> IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to ERISA § 1132(g), plaintiffs are awarded attorney's fees against defendant Santo S. Scrufari and/or the Empire State Carpenters Pension Fund as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund and the Empire State Carpenters Welfare Fund as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare Fund, in the amount of $399,114.39, and disbursements in the amount of $12,757.07, for a total award of $411,871.46.

Item 293.  Final judgment was entered accordingly on August 3, 2012.  Item 294.

The Empire Funds filed a notice of appeal on August 29, 2012 (Item 295), followed by a motion for relief from the final judgment (Item 296) and a motion to stay execution of the judgment for attorneys' fees pending the outcome of the appeal (Item 297).  Plaintiffs filed a notice of cross-appeal on September 4.  Item 298.  The court then issued an order staying execution of the judgment for attorneys' fees pending resolution of both the motion to reconsider and the appeal, waiving the supersedeas bond requirement of Fed. R. Civ.

P. 62(d) upon the representation of counsel as to the sufficiency of the Empire Funds' assets.  Item 299.

The motion for reconsideration seeks amendment of the final judgment to relieve the Empire Funds of direct liability for the award of attorney's fees and costs in favor of plaintiffs, and to hold Mr. Scrufari, the fiduciary in breach, solely liable for satisfaction of the award.   The motion is grounded on Rule 60(b), which provides for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Empire Funds rely primarily on the "newly discovered evidence" provision of Rule 60(b)(2).  To obtain relief from the judgment under Rule 60(b)(2), the movant must present evidence that is 'truly newly discovered or ... could not have been found by due diligence.' "  *Insurance Co. of North America v. Public Service Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144 (1983)).  Generally, courts require a showing that the newly discovered evidence is "highly convincing," that the party had good cause for failing

to present the evidence sooner, and that the relief from judgment would impose no undue hardship on other parties.  *Figueroa v. Walsh*, 2008 WL 1945350, at *4 (E.D.N.Y. May 1, 2008) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

The "newly discovered" evidence submitted by the Empire Funds to support the motion for relief from the judgment consists of a letter from the Chubb Group of Insurance Companies ("Chubb") on behalf of the insurer, the Federal Insurance Company ("Federal"), dated August 22, 2012, rejecting the Empire Funds' tender of the judgment and disclaiming coverage under Labor Management Trust Fiduciary Liability Policy No. 8127-92-16.  Item 296-1, pp. 4-6.  Specifically, the letter states that coverage is unavailable under the policy for several reasons, including: there was no claim made against the Empire Funds during the policy period; there was no breach of fiduciary duty by either the Niagara Funds or the Empire Funds as would be required to trigger coverage; there was no finding that the Empire Funds are legally responsible for Mr. Scrufari's breach of fiduciary duty; and, in the absence of coverage for the damages owed by Mr. Scrufari, there can be no coverage for plaintiffs' attorney's fees.  *Id.* at 6.  In addition, the Empire Funds have submitted recent correspondence and associated documentation indicating that no timely claim or notice was tendered to the fidelity bond carriers by the predecessor Niagara Funds at the time the losses were sustained or discovered, calling into serious question the prospect of satisfying the judgment through recourse to the bonds.  *See* Item 296-1, pp. 8-17.  According to the Empire Funds, this evidence reveals that the judgment as entered leaves the Empire Funds (themselves successors to the victims of defendant Scrufari's wrongdoing) responsible (along with Scrufari) for plaintiffs' attorney's fees – a result contrary to the

court's clear intent, as reflected in the ruling on joinder, that the attorney's fee award be satisfied from insurance or bond assets and not from the assets of the Funds.

In response to the motion to reconsider, plaintiffs' counsel has submitted documentation showing that, contrary to the insurer's assertions in the disclaimer letter, coverage under the policy was in fact triggered by the predecessor Funds' tender of the initial complaint to the insurer at the outset of this litigation, and that the insurer furnished a defense to Mr. Scrufari following the tender. *See* Item 305-1. This submission contains a letter dated February 18, 1994, from the insurer to Mr. Scrufari (in his capacity as Plan Manager of the predecessor Niagara Funds) acknowledging the insurer's defense and indemnification obligations under the policy, as well as its reservation of the right to disclaim coverage on the basis of certain policy exclusions. *Id.* at 7-11. The letter lists several "parties who appear to qualify as Insureds who allegedly committed a Breach of Fiduciary Duty …," including Mr. Scrufari as Plan Manager, and states that the Niagara Funds "are also Insureds" under the policy. *Id.* at 9.

Based on this showing, the August 22, 2012 disclaimer letter cannot be considered "highly convincing" newly discovered evidence to support reconsideration of the court's March 12, 2012 ruling. Accordingly, relief from the final judgment entered by the Clerk of the Court on August 3, 2012, is unavailable to the Empire Funds pursuant to Rule 60(b)(2).

However, to the extent the language of the final judgment can be interpreted to impose direct liability on any party but Mr. Scrufari – the fiduciary in breach –  the court agrees with the Empire Funds' contention that such an interpretation is contrary to the clear intent of the court's March 12, 2012 ruling on joinder. To reiterate, by that ruling the court granted plaintiffs' motion to join the Empire Funds as a necessary party under the equities

of the circumstances presented at the final stage of this action, for the express "limited purpose" of standing in the shoes of the predecessor Funds as an "Insured" under the fiduciary liability policy, or as a beneficiary of statutorily required fidelity bonding, in order to pursue the "only real options" for recovery of the damages, attorney's fees, and costs awarded to plaintiffs following an interminably long and hard fought litigation. Item 290, pp. 20-21. The court considered, but did not rule upon, plaintiffs' request to allow direct recourse to the Funds' assets for satisfaction of the judgment by fashioning a "common fund" remedy, *see Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."), and finds no reason to reconsider and rule on this request now.

The court has also considered the Empire Funds' contention that the expressed limited purpose of their joinder is no longer viable because plaintiff's counsel's inchoate status as judgment creditor has fully ripened pursuant to New York Insurance Law § 3420 (allowing counsel to seek indemnity under the policy for the attorney's fee award), and because new information has come to light regarding Mr. Scrufari's personal finances, calling into question the court's reasoning that the Empire Funds' standing as an insured and as a beneficiary of the fidelity bonds presented the "only real options" for satisfaction of the judgment. Given the equivocal nature of the evidence presented with respect to the insurer's obligations under Labor Management Trust Fiduciary Liability Policy No. 8127-92-16, however, the court declines to view these developments as having fundamentally altered the equitable circumstances upon which joinder was based, or the limited purpose for the joinder expressed in the March 12, 2012 order as a means of furthering the

interests of finality by "finding a source of funding to realize the benefits of this hard-fought litigation." *LaScala*, 859 F. Supp. 2d at 521.

For these reasons, the court finds that relief from the judgment as entered is justified pursuant to Rule 60(b)(6). The Empire Funds' motion for reconsideration (Item 296) is therefore granted to this extent, and the Clerk of the Court is directed to amend the final judgment to read in its entirety as follows:

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of plaintiffs and against defendant Santo S. Scrufari in the amount of $966,389.39, incorporating calculations of damages, including pre-judgment interest, and representing damages of $471,368.58 to the Empire State Carpenters Welfare Fund (as successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare Fund), and damages of $495,020.81 to the Empire State Carpenters Pension Fund (as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund), respectively; and,

IT IS FURTHER ORDERED AND ADJUDGED that the amount of damages awarded to the Empire State Carpenters Pension Fund (as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund) ($495,020.81) shall be offset to the extent possible against defendant Santo S. Scrufari's benefit under the Pension Fund in accordance with the provisions of 29 U.S.C. § 1056(d)(4), preserving to the

defendant's spouse the right to receive the survivor annuity under a qualified joint and survivor annuity as described in 29 U.S.C. § 1056(d)(5); and,

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant the court's Decision and Order entered March 12, 2012 (Item 290), the Empire State Carpenters Pension Fund (as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund), and the Empire State Carpenters Welfare Fund (as the successor in interest to the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare Fund), are joined as parties in this action and aligned as defendants for the limited purpose of standing in the place and stead of the predecessor Funds as the insured under Labor Management Trust Fiduciary Liability Policy No. 8127-92-16, and/or as the respective beneficiaries of the fidelity bonds required by ERISA § 1112(a); and,

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to ERISA § 1132(g), plaintiffs are awarded attorney's fees against defendant Santo S. Scrufari in the amount of $399,114.39, and disbursements in the amount of $12,757.07, for a total award of $411,871.46.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   December 19, 2012
p:\pending\1993\93-982.nov30.2012